IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Petitioner,<br><br>v.<br><br>GLOBAL FG ENTERPRISES, LLC.,<br>    Respondent, | CIVIL ACTION NO.<br>1:25-mi-57-TRJ-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

The above-styled matter is before the Court on the Court's September 4, 2025, Order [Doc. 7] on Respondent's Response to Order to Show Cause [Doc. 8], and on Respondent's various Notices of Filing [Docs. 9–12].  For the reasons below, I will order that Respondent's Response to Order to Show Cause and the Notices of Filing be stricken, and I will recommend that Respondent be held in contempt for its refusal to comply with a subpoena.

## I.    BACKGROUND

This miscellaneous matter pertains to an underlying action in the United States District Court for the District of Alaska, *United States v. Anna M. Riezinger-Von Reitz*, No. 3:23-cv-260-JMK ("Underlying Action").  On June 5, 2024, the United States obtained a money judgment in the Underlying Action against Anna M. Riezinger-Von Reitz, a/k/a Anna Marie Riezinger, a/k/a Anna M. Belcher

("Riezinger"). The United States is currently engaged in post-judgment discovery to attempt to recover or execute the judgment in the Underlying Action. [Doc. 1-1, Decl. of Daniel A. Applegate "Applegate Decl." ¶ 2]. During its post-judgment discovery efforts, the United States learned that Riezinger purchased a half-interest in certain real property from her sister's estate in October 2024, using a check issued from a Citibank account in the name of Respondent Global FG Enterprises, LLC ("Respondent"). [*Id.* ¶ 2].

On March 24, 2025, the court in the Underlying Action issued a subpoena *duces tecum* to Respondent. [Applegate Decl. ¶ 3; Doc. 1-2 at 1–7].[1] The subpoena commanded Respondent to produce certain documents on April 23, 2025, at 10:00 a.m. at the United States Attorney's Office in Atlanta, Georgia. [Applegate Decl. ¶ 4; Doc. 1-2 at 1]. The United States served Respondent with the subpoena. [Applegate Decl. ¶¶ 5–7; Doc. 1-5; Doc. 1-6; Doc. 1-7; Doc. 1-8]. Hunter Toyofuku-Aki, who is Respondent's sole member and registered agent, sent letters to counsel for the United States relating to the subpoena. [Applegate Decl. ¶¶ 4–5, 8, 10; Doc. 1-3; Doc. 1-4; Doc. 1-10; Doc. 1-12]. Respondent, however, produced no documents in response to the subpoena. [Applegate Decl. ¶¶ 8, 10, 12–13; Doc. 1-10; Doc. 1-12].

---

[1] Citations are to CM/ECF numbering.

On August 5, 2025, the United States filed its motion for order to show cause, requesting that the Court issue an Order directing Respondent to show cause why it should not be held in contempt for its failure to comply with the subpoena. [Doc. 1]. On August 13, 2025, I ordered counsel for the United States to serve a copy of the motion for order to show cause on Respondent and to file proof of service with the Court within two days after service. [Doc. 3 at 2–3]. I ordered Respondent to file a response to the United States's motion for order to show cause within fourteen days after being served with the motion to show cause and related documents. [*Id.* at 3].

The United States filed a return of service reflecting that it served Respondent with a copy of the motion to show cause and related documents, as well as the Court's August 13 Order, on August 15, 2025. [Doc. 4]. The United States later filed a second return of service reflecting that it served Toyofuku-Aki with the same documents on August 19, 2025. [Doc. 5].

On September 2, 2025, the Clerk received a document purportedly filed by Riezinger and signed by Toyofuku-Aki on Riezinger's behalf titled, "International Public Notice: An End to an Unlawful Court System." [Doc. 6 at 1, 4]. That filing did not provide a substantive response to the Government's motion for order to show

cause. *See generally* [*id.*]. Instead, the filing argued that the United States District Courts are unlawful "equity courts." *See generally* [*id.*].

On September 4, 2025, I granted the Government's motion for order to show cause. [Doc. 7]. I ordered Respondent to show cause within ten days why it should not be held in contempt. [*Id.* at 8]. I stated: "If Respondent fails to comply with this Order or if its response is insufficient, I will certify facts showing that a finding of contempt is warranted and present those facts to the district judge via a Report and Recommendation." [*Id.*]. I also cautioned Respondent that, as a limited liability company, it could appear in this action only through an attorney and could not be represented by a corporate officer or member. [*Id.* at 8–9].

Respondent did not file a substantive response to the September 4, 2025, Order. *See generally* [Docket]. Instead, on September 15, 2025, Respondent filed a response that contained a request for a stay. [Doc. 8 at 1]. The response states, in relevant part:

> I do hereby and herein request a stay in said instant matter since no information of the requested items to cause were provided to [Toyofuku-Aki] and we are now filing a NOTICE OF CLAIM against Daniel A. Applegate as Trial Attorney for the Department of Justice for making false and misleading statements causing injury and damages against [Toyofuki-Aki].

> This undertaking as above referenced will be taken in this very same court and will be required to be sitting as an Article III court.

> Should this court not issue a temporary stay, we will immediately file our action in the U.S. Court of Appeals and name also this court and

4

the judge of record in addition to other parties involved in the illegal taking from [Toyofuku-Aki].

[*Id.*].    The response was filed by "Richard E. Warren on behalf of [Toyofuki-Aki]."

[*Id.*].    Warrren signed the response, "Richard E. Warren Assistance of Counsel by contract."  [*Id.*].    The envelope containing the filing lists a return address of "First Rate Legal Consulting c/o 151 Whitewood Road Unit 2, Charlottesville, Virgin[i]a 22901."  [*Id.* at 2].

On September 16, 2025, the Clerk received four documents from Respondent. [Docs. 9–12].    The first document is titled "COVER LETTER," "NOTICE TO RECIPIENTS," and it states, in relevant part:

> Each of you are required by law to respond within fourteen (14) days from receipt hereof; day received excluded.
>
> This matter concerns a counterclaim against the parties named in the enclosed documents as and for injury and damages in the sum certain amount as specified in such documents.
>
> This is a serious matter and we are prepared to ta[k]e this matter as far as we must in which insure justice and recoupment of the funds taken without authority.
>
> Each of you are required to respond to us by and through our assistant of counsel with whom we have a contract with to assist us and to the court in a notice of Response to the judge assigned in the instant matter.
>
> Please be advised that your failure to respond within the time frame allot[t]ed to herein are subject to the judge being forced by law to rule against you.

[Doc. 9].  Warren signed the document on Respondent's behalf.  [*Id.*].

5

The second document is titled "Declaration of Global FG Enterprises, LLC, Hunter Toyofuku-Aki Registered Agent." [Doc. 10 at 3]. It is signed by Toyofuku-Aki (apparently on Respondent's behalf) and, instead of making factual allegations, contains a list of purported legal claims. [*Id.* at 3–5].

The third document, titled "Declaration of Lynne Toyofuku-Aki," also contains no factual allegations. [Doc. 11 at 3]. Instead, the document contains a list of purported legal claims. [*Id.* at 3–5]. Lynne Toyofuku-Aki signed the document, apparently on Respondent's behalf. [*Id.* at 4].

The fourth document is titled "Declaration of Joshua Brice Pelletier." [Doc. 12 at 3].[2] That document, like the other purported declarations, contains no factual allegations and sets forth a laundry list of alleged legal claims. [*Id.* at 3–4]. Joshua Brice Pelletier signed the document on Respondent's behalf. [*Id.* at 5].

## II.   **DISCUSSION**

### A. The Response and Notices of Filing Are Improper and Will Be Stricken

Respondent has been cautioned that it may appear in this action only through an attorney. [Doc. 3 at 3; Doc. 7 at 8–9]. It appears that Warren, who submitted Respondent's Response to Order to Show Cause and its first Notice of Filing, is not admitted to the bar of this Court or the State Bar of Georgia. The Local Rules

---

[2] Pelletier's relationship to Respondent or the Toyofuku-Akis is unclear.

prohibit individuals who are not members of the bar of this Court from appearing in cases before the Court, and non-admitted individuals who do so may be subject to discipline. *See* LR 83.1(F)(14), NDGa. ("Any person not admitted to the bar of this Court or any attorney disbarred or suspended by this Court who exercises any of the privileges bestowed upon members of this Court's bar or pretends to be entitled to such privileges will be adjudged guilty of contempt and may be subject to other discipline by the Court."). And Georgia law provides that "[i]t shall be unlawful for any person other than a duly licensed attorney at law" to, among other things, "practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body," "render or furnish legal services or advice," or "render legal services of any kind in actions or proceedings of any nature." O.C.G.A. § 15-19-51(a). Warren, as a non-attorney, thus may not represent Respondent or file documents on Respondent's behalf.

Because Warren is not authorized to act as counsel for Respondent or file documents on Respondent's behalf, the response and the first notice of filing were improperly filed. I will direct that these documents be stricken.

The other three notices of filing, which purport to be declarations, are not actually declarations. [Docs. 10–12]. Rather, these documents contain lists of legal claims. The documents were also filed by non-attorneys on Respondent's behalf. Respondent has been notified twice that it must retain counsel to represent it and that

its members or officers may not attempt to appear on its behalf in this case.  These notices of filing are improper, and I will direct that they be stricken.[3]

## B. Respondent Should Be Held in Contempt

### 1. Legal Standard

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that the federal court where compliance with a subpoena is required has jurisdiction to compel a party served with a subpoena to comply with the subpoena.  FED. R. CIV. P. 45(d)(2)(B)(i). Rule 45(g) also provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  FED. R. CIV. P. 45(g).  A subpoena issued on behalf of the court should be treated as a court order. *See* FED. R. CIV. P. 45(a) advisory committee note to 1991 amendment ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."); *see also* Res. Investments, Inc. v. *United States*, 97 Fed. Cl. 545, 552 (Fed. Cl. 2011) ("[T]he failure to obey an attorney-issued subpoena is an act in defiance of a court order and exposes the

---

[3] Even if the Court considered the "declarations," these documents do not show cause for Respondent's failure to comply with the subpoena or demonstrate compliance with the September 4, 2025, Order directing Respondent to show cause why it should not be held in contempt.

defiant witness to contempt sanctions under Rule 45(e).") (quotation marks and citation omitted).

"'Civil contempt is a process used by a Court to compel compliance with a subpoena or court order.'" *United States v. Vito*, No. 1:22-mi-34-WMR-JEM, 2022 WL 2389265, at *2 (N.D. Ga. June 3, 2022) (quoting *Gladden v. Proctor & Gamble Distrib., LLC*, No. 1:19-cv-2938-CAP-JSA, 2020 WL 10145958, at *4 (N.D. Ga. July 20, 2020), *adopted by* 2022 WL 336440 (N.D. Ga. July 1, 2022). "'[C]ivil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within that party's power to comply with the order.'" *Id.* (quoting *Gladden*, 2020 WL 1045958, at *4). Even if the party is in contempt, the decision to impose sanctions for that conduct is discretionary. *Id.*

"A finding of civil contempt . . . must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2012). The party seeking civil contempt sanctions must show by clear and convincing evidence that "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* "Once this prima facie showing is made, the burden then shifts to the alleged contemnor 'to produce evidence explaining his noncompliance' at a 'show cause' hearing." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)

(quoting *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)).

"Under the Federal Magistrates Act, United States magistrate judges have limited power to exercise contempt authority." *Perez v. Guard Servs. Int'l, Inc.*, No. 1:16-mi-36-CAP-JSA, 2016 WL 11584783, at *2 (N.D. Ga. Dec. 22, 2016), *adopted sub nom. Hugler v. Guard Servs. Int'l Inc.*, 2017 WL 11048839 (N.D. Ga. Mar. 22, 2017). A magistrate judge's power to exercise contempt authority in a civil case is limited to those situations when both parties consent to having the magistrate judge preside over the case. *Id.*; *Smith v. Pefanis*, 652 F. Supp. 2d 1308, 1315–16 (N.D. Ga. 2009). If both parties have not consented to having a magistrate judge preside, the magistrate judge's role is limited to certifying the facts underlying his or her belief that contempt is warranted and presenting that report and recommendation to the district judge. *Perez*, 2016 WL 11584783, at *3. The district judge, in turn, "shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B); *see also Perez*, 2016 WL 11584783, at *3 ("When a magistrate judge has certified facts supporting a finding of contempt, the district judge is then required

to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made.").

## 2. Certification of Facts

I certify the following facts that support a finding of contempt to the district judge. The district judge may then conduct a *de novo* hearing. 28 U.S.C. § 636(e)(6)(B); *Perez*, 2016 WL 11584783, at *3.

1. On June 5, 2024, the United States obtained a money judgment in the Underlying Action against Riezinger, and the United States is currently engaged in post-judgment discovery to attempt to recover or execute the judgment in the Underlying Action. [Applegate Decl. ¶ 2].

2. During its post-judgment discovery efforts, the United States learned that Riezinger purchased a half-interest in certain real property from her sister's estate in October 2024, using a check issued from a Citibank account in Respondent's name. [*Id.* ¶ 2].

3. On March 24, 2025, the court in the Underlying Action issued a subpoena *duces tecum* to Respondent. [Applegate Decl. ¶ 3; Doc. 1-2 at 1–7]. The subpoena commanded Respondent to produce certain documents on April 23, 2025, at 10:00 a.m. at the United States Attorney's Office in Atlanta, Georgia. [Applegate Decl. ¶ 4; Doc. 1-2 at 1].

4. The United States served Respondent with the subpoena twice. [Applegate Decl. ¶¶ 5–7; Doc. 1-5; Doc. 1-6; Doc. 1-7; Doc. 1-8].

5. Respondent refused to comply with the subpoena. [Applegate Decl. ¶¶ 3–8, 10, 12–13; Doc. 1-2 at 1–7; Doc. 1-5; Doc. 1-6; Doc. 1-7; Doc. 1-8; Doc. 1-10; Doc. 1-12].

6. On August 5, 2025, Respondent filed a motion for order to show cause, requesting that the Court issue an Order directing Respondent to show

cause why it should not be held in contempt for its failure to comply with the subpoena. [Doc. 1].

7. On August 13, 2025, I ordered counsel for the United States to serve a copy of the motion for order to show cause on Respondent and to file proof of service with the Court within two days after service. [Doc. 3 at 2–3]. I ordered Respondent to file a response to the United States's motion for order to show cause within fourteen days after being served with the motion to show cause and related documents. [*Id.* at 3].

8. The United States filed a return of service reflecting that it served Respondent with a copy of the motion to show cause and related documents, as well as the Court's August 13 Order, on August 15, 2025. [Doc. 4].

9. The United States later filed a second return of service reflecting that it served Toyofuku-Aki with the same documents on August 19, 2025. [Doc. 5].

10. Respondent did not file a substantive response to the motion for order to show cause as directed in the August 13, 2025, Order. *See generally* [Docket]. Instead, Toyofuku-Aki filed a document, purportedly on Riezinger's behalf, that raised only sovereign citizen-type arguments. [Doc. 6]. I found that the document was improperly filed and did not refute the Government's motion. [Doc. 7 at 6–7].

11. On September 4, 2025, I issued an Order to Show Cause directing Respondent to show cause in writing within ten days why it should not be held in contempt. [Doc. 7 at 8].

12. The Clerk was directed to mail the September 4, 2025, Order to Respondent at three different mailing addresses, including: (1) Global FG Enterprises LLC, c/o Hunter Toyofuku-Aki, Registered Agent, 3780 Old Norcross Road, Suite 103 283, Duluth, Georgia 30096; (2) Global FG Enterprises LLC, c/o Hunter Toyofuku-Aki, Registered Agent, 2525 North Loop W. Suite 125, Houston, Texas, 77008; and (3) Global FG

Enterprises, LLC, c/o Hunter Toyofuku-Aki, Registered Agent, 1738 Wren Avenue, Corona, California, 92879. [Doc. 7 at 8].

13. Respondent did not show cause in writing as directed. *See generally* [Docket].

14. Instead, Warren, a non-attorney, filed a response on Respondent's behalf that requested a stay of proceedings. [Doc. 8]. That response was improperly filed and has been stricken.

15. Warren also filed a document titled "COVER LETTER," "NOTICE TO RECIPIENTS" on Respondent's behalf. [Doc. 9]. That document was improperly filed and has been stricken.

16. Toyofuku-Aki, Lynne Toyofuku-Aki, and Joshua Brice Pelletier all filed documents on Respondent's behalf that purported to be declarations but instead contained a laundry list of alleged legal claims. [Docs. 10–12]. These documents were improperly filed and have been stricken.

17. I find, by clear and convincing evidence, that Respondent has refused to comply with the subpoena in the Underlying Action and the Court's September 4, 2025, Order. Respondent has made no effort to comply with the subpoena. It has made no effort to show cause as required by the September 4, 2025, Order, instead choosing to have a person who is not admitted to practice before this Court file a baseless request for a stay that raises frivolous arguments and choosing to file documents that are replete with frivolous, sovereign citizen-type claims. *See generally* [Docs. 8–12]. Both the subpoena and the September 4, 2025, Order were valid, lawful, and properly issued. The subpoena was clear and unambiguous, and so was the September 4, 2025, Order. Finally, Respondent had the ability to comply with both the subpoena and the September 4, 2025, Order but refused to do so. I, therefore, recommend that Respondent be held in contempt for failure to comply with the subpoena and with the September 4, 2025, Court Order.

18. I also recommend that Respondent be sanctioned for its contempt, including (1) being required to pay reasonable costs and attorney's fees associated with the Government's motion to show cause, and (2) imposing a reasonable daily monetary fine until Respondent fully complies with the subpoena, or, if the Court finds it appropriate, ordering that a member of

Respondent be incarcerated until Respondent fully complies with the subpoena.

## III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's response to the Order to Show Cause [Doc. 8] is **STRICKEN**.  I **RECOMMEND** that Respondent be held in contempt for its failure to respond to the subpoena in the Underlying Action and its failure to comply with the Court's September 4, 2025, Order.  The Clerk is **DIRECTED** to send a copy of this Order to Respondent at the following mailing addresses: (1) Global FG Enterprises LLC, c/o Hunter Toyofuku-Aki, Registered Agent, 3780 Old Norcross Road, Suite 103 283, Duluth, Georgia 30096; (2) Global FG Enterprises LLC, c/o Hunter Toyofuku-Aki, Registered Agent, 2525 North Loop W. Suite 125, Houston, Texas, 77008; and (3) Global FG Enterprises, LLC, c/o Hunter Toyofuku-Aki, Registered Agent, 1738 Wren Avenue, Corona, California, 92879.

Because this is a Final Report and Recommendation, and there is nothing more pending before the undersigned, I **DIRECT** that the Clerk terminate the reference of this case to me.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of September, 2025.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

14